Commonwealth *v.* Felder, Appellant.

Submitted June 10, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Peter G. Loftus,* for appellant.

*Howard M. Spizer,* Assistant District Attorney, and *Paul R. Mazzoni,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., March 31, 1975:

Appellant contends that the trial judge committed reversible error when in reviewing the evidence he stated that appellant failed to call her husband in support of her alibi.

Appellant was charged with illegal sale of narcotic drugs. Appellant took the stand and testified that her husband and several other persons were with her in Allentown on the date of the alleged sale. None of these witnesses was ever called to testify in support of appellant's alleged alibi. In reviewing the evidence, the trial judge stated: "The Commonwealth says . . . that these records do not establish an air-tight alibi and points out not one person was called to testify that the defendant was in Allentown that night — *not her husband,* not her friend, . . ." (Emphasis added).

Generally, if a defendant raises an alibi and testifies as to the existence of named alibi witnesses, and if these witnesses are not called, it is permissible for the jury to draw the inference that the testimony of such witnesses would be adverse to the defendant. *Commonwealth v. Wright,* 444 Pa. 536, 282 A. 2d 323 (1971). If the uncalled witness is the spouse of the defendant, however, the inference is not permitted, *Commonwealth v. Moore,* 453 Pa. 302, 309 A. 2d 569 (1973), because the evidentiary inference is in conflict with the common law and the Pennsylvania statutory rule on incompetency of spouses to testify against each other in a criminal trial. Act of May 23, 1887, P.L. 158, §2(b), as amended, 19

P.S. §683. "It is clear the purpose of the statute is to bar, either husband or wife, from testifying against the other, and this is a rule which is not waivable by the parties. If the inference is allowed to operate, the whole purpose and effect of the statute would be negated. The statute by its very terms stops either spouse from adversely affecting a criminal case against the other; . . . If the inference is allowed to operate, the very fact the spouse is not called adversely affects the other spouse." *Commonwealth v. Moore,* supra, at 307 (footnote omitted).

The Commonwealth argues that no error was committed because the trial judge merely mentioned appellant's failure to call her husband as a witness and did not instruct the jury as to any adverse inference that could be drawn. Comment on the failure of a defendant to call a spouse as a witness, however, also operates to negate the statutory purpose, since the judge invited the jury to draw an impermissible inference.

The lower court's comment was not harmless beyond a reasonable doubt. *Chapman v. California,* 386 U.S. 18 (1967). Although the trial judge did not instruct the jury that they could draw an adverse inference from appellant's failure to call her husband, the statement did go to the heart of the appellant's alibi defense. The Commonwealth's evidence consisted wholly of identification testimony of a police officer. While the officer had seen the appellant on previous occasions, the identification on the night in question took place in a cocktail lounge after dark. Thus, the jury had to decide whether the Commonwealth's witness was more or less credible than the appellant. Because the trial judge's comment damaged the appellant's credibility, it cannot be declared harmless error.

Judgment of sentence reversed.

DISSENTING OPINION BY WATKINS, P. J.:

I dissent for the reason that the majority opinion treats a harmless error as basic and fundamental.

The serious question raised by this appeal is the contention of the appellant that the trial judge committed reversible error when he mentioned in his charge that not one defense witness had been called to substantiate her alibi defense, including her husband.

The appellant's defense consisted of an alibi to the effect that she was a guest in the Americus Hotel in Allentown on the night that the illegal sale took place in Scranton, Pennsylvania, and that, therefore, she was not the person who conducted the sale. The defendant had taken the witness stand herself and had testified to her presence in Allentown at the time and asserted that her husband and friends had accompanied her.

It is undisputed that a husband or wife may not be called to testify against one another. Act of May 23, 1887, P.L. 158, §2(b), as amended, 19 P.S. §683. Nor may a District Attorney during his summation argue that the failure to call a spouse to the stand permits a jury to draw an inference that such testimony would be unfavorable to the defendant. *Commonwealth v. Moore,* 453 Pa. 302, 309 A. 2d 569 (1973). Nor may a judge instruct a jury that such an inference is permissible. *Commonwealth v. Moore,* supra.

On the other hand, it is clear that when a potential witness is available to only one of the parties to a trial, and it appears that the witness has special information material to the issue, and the testimony would not be merely cumulative, then if such party does not produce the testimony of this witness, the jury may draw an inference that the testimony would be unfavorable. *Commonwealth v. Wright,* 444 Pa. 536, 282 A. 2d 323 (1971) ; *Commonwealth v. Moore,* supra.

The case of *Commonwealth v. Moore,* supra, confronted these two principles, in a case quite similar to the in-

stant case in that it was the defendant's spouse who was not called to the stand to testify on defendant's behalf even though she was an eyewitness to the shooting which formed the basis of the charge. In that case, the Supreme Court held that the principle that a husband and wife could not be called to testify against one another took priority over the latter principle and found that the District Attorney's comment to the jury about the spouse's failure to testify was reversible error as was the judge's charge that the jury could infer that such testimony would be unfavorable to the defendant.

The dissimilarity between the instant case and *Moore*, supra, is that in our case there is nothing indicated in the record that the District Attorney made any such comment to the jury. In fact, the appellant in his brief states that no such comment was ever made by the Commonwealth.

Turning to the court's charge, we find that the only mention of defendant's husband's not testifying was that set forth above. The trial court never instructed the jury that it could draw any inference from the failure to testify. It is true that the court did apparently misstate the Commonwealth's argument. However, the court had instructed the jury several times that it was the jury's recollection of the facts and evidence which governs and not that of counsel or the court.

It is also clear from the context of the charge that the court properly called attention to the fact that the defendant's alibi was not supported by corroborating evidence of people she indicated from the stand were with her in Allentown so long as it did not include her husband. So out of a seventeen page charge, the only impropriety that can be alleged was when the court included the words "neither was her husband" when it charged on the failure to call corroborating alibi witnesses. If the defendant's spouse were the only such witness, then perhaps more gravity could be attributed to the court's statement. However, under the circumstances, where two

other people who purportedly, according to the defendant's testimony, accompanied her to Allentown were not called to testify and where the court properly instructed the jury as to their failure, we find that it was "harmless error" for the judge to have included the words "neither was her husband" in its charge, without any indication as to any inference to be drawn therefrom, it is difficult to see how the court had influenced the jury against the defendant in its determination of this case.

In *Chapman v. California*, 386 U.S. 18, 87 S. Ct. 824, 17 L.Ed. 2d 705 (1967), the Supreme Court of the United States held that the denial of a federal constitutional right which, under the circumstances of this case, did not contribute to the defendant's conviction, was harmless error beyond a reasonable doubt. In the instant case, an examination of this record indicates circumstances, that despite the inclusion of words that fell within the statutory prohibition "neither was her husband" without any direction as to permissible inferences at all, that, if the words constituted error it was harmless error beyond a reasonable doubt and did not contribute to the defendant's conviction.

The judgment of sentence should have been affirmed.

PRICE and VAN DER VOORT, JJ., join in this dissenting opinion.